UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

PAUL MELLEN, Plaintiff, pro se,

v.

MICHAEL G. MUESSEL (as an Individual) and OLDPORT MARINE SERVICES, INC.,

Defendants.

Case No. [                    ]

JURY TRIAL DEMANDED

# COMPLAINT

## I. INTRODUCTION

Plaintiff Paul Mellen ("Plaintiff"), proceeding pro se, brings this civil action for damages and injunctive relief against Defendants Michael G. Muessel and Oldport Marine Services, Inc. (collectively, "Defendants"). This action arises from Defendants' unlawful retaliation against Plaintiff for exercising his legal rights after a prior assault incident, which has caused Plaintiff significant financial and personal harm. Defendants' actions include unlawful retaliation, intentional infliction of emotional distress, and violations of state and federal law.

## II. PARTIES

1

1. Plaintiff Paul Mellen is an individual residing at 1165 Franklin Street, Duxbury, Massachusetts, 02332.
2. Defendant Michael G. Muessel is an individual who is also the President of Oldport Marine Services, Inc.
3. Defendant Oldport Marine Services, Inc. is a corporation with a principal place of business in Newport, RI with operations in Edgartown, Massachusetts, that operates a water taxi and launch service. Its registered agent for service of process is Sayer, Regan and Thayer LLP, 130 Bellevue Avenue, Newport, RI 02840.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.
5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.
6. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in the waters of Edgartown, Massachusetts, which is within this judicial district.

## IV. STATEMENT OF FACTS

7. On or about July 9, 2022, a felony assault was committed against Plaintiff by Kris Edwards, an employee of Oldport Marine Services, Inc.
8. As a result of the assault, Plaintiff initiated legal proceedings against Kris Edwards.
9. In that criminal case, Kris Edwards was found guilty of felony assault, sentenced to one year of probation, and issued a no-contact order with Plaintiff.

10. Following the assault, Oldport Marine Services, Inc. terminated Kris Edwards from his employment.

11. On or about July 13, 2022, Oldport Marine Services, Inc. presented Plaintiff with a check for $3,876.00 to cover the loss of personal property. In exchange for this payment, the company required Plaintiff to sign a form releasing the company from any future obligation or liability related to the July 9, 2022, incident.

12. On or about July 1, 2023, approximately one year after the assault, Defendant Muessel, acting in his capacity as President of Oldport Marine Services, Inc., rehired Kris Edwards.

13. Immediately following the re-hiring of Kris Edwards, Defendants began a campaign of retaliation against Plaintiff, his family, friends, and associates, which included banning them from using the company's water taxi services.

14. On or about July 1, 2025, Gary Kovak, the new harbormaster in Edgartown, initiated an ordinance prohibiting boat owners from leaving their dinghies at the public dinghy dock for more than 24 hours.

15. This ordinance, which directs boaters to use a launch service when leaving the island overnight, effectively deprived Plaintiff of his previous method of conveyance to and from his boat, which is moored in Katama Bay, when he leaves the island.

16. Given the new ordinance, Plaintiff, who had previously been banned from the launch service, was forced to begin using the service to comply with the law.

17. On or about July 1, 2025, Plaintiff began utilizing the launch service every time he left the island for more than a 24-hour period.

18. At first, no actions were taken to prohibit Plaintiff from using the launch service.

19. This changed on or about August 1, 2025, when a launch driver, Mike Hathaway, informed Plaintiff that he was banned from the launch and could not be provided a ride to shore.

20. This ban, in conjunction with the harbormaster's ordinance, has now forced Plaintiff to violate the ordinance by leaving his dinghy at the public dock for more than 24 hours.

21. The retaliatory actions by Defendants have thus increased the harm and distress to Plaintiff and his family by forcing him into a position of non-compliance with a town ordinance.

22. Oldport Marine Services, Inc.'s water taxi service is the sole water taxi or launch service option in Edgartown harbor, thereby giving the company a monopolistic position that Defendant Muessel has exploited to cause harm to the Plaintiff.

23. As a direct result of being banned from the launch service, Plaintiff was forced to purchase a new dinghy incurring costs of approximately $21,250.00.

---

## V. CAUSES OF ACTION

**Count I: Violation of Federal Civil Rights (42 U.S.C. § 1983)**

24. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

25. Defendants' actions, including the re-hiring of Kris Edwards and the subsequent ban on Plaintiff and his associates from the water taxi service, constitute illegal retaliation. This retaliation was motivated by Plaintiff's exercise of his legal rights, including his right to access the courts and petition the government for redress of grievances, in the prior assault case.

26. Defendants, by acting in concert with and leveraging the new harbormaster's ordinance to cause Plaintiff harm, acted under the color of state law.

27. As established in **Adickes v. S. H. Kress & Co.**, 398 U.S. 144 (1970), a private entity that is a willful participant in joint activity with the State or its agents can be held liable under this statute.

28. Defendants' actions constituted a violation of Plaintiff's civil rights under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

### Count II: Intentional Infliction of Emotional Distress

29. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

30. Defendants' actions of maliciously banning Plaintiff and his associates from their sole means of transportation to his boat were extreme and outrageous.

31. Defendants acted with the intent to cause, or with reckless disregard of the probability of causing, severe emotional distress to the Plaintiff.

32. The Plaintiff, a 68-year-old senior citizen, was particularly vulnerable to the outrageousness of the defendants' conduct.

33. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer severe emotional distress.

### Count III: Violation of the Massachusetts Consumer Protection Act (M.G.L. c. 93A)

34. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

35. Oldport Marine Services, Inc. operates a monopolistic water taxi service in Edgartown harbor, which is an unfair method of competition and a deceptive business practice.

36. By using this monopolistic position to engage in a retaliatory and discriminatory ban against Plaintiff and his associates, Defendants have engaged in unfair and deceptive business practices in violation of M.G.L. c. 93A.

37. As established in cases like **PMP Associates, Inc. v. Globe Newspaper Co.**, 366 Mass. 593 (1975), an act or practice is "unfair" if it is immoral, unethical, oppressive, or unscrupulous. Defendants' refusal to provide service to Plaintiff after he complied with the harbormaster's ordinance, while holding a monopoly on that service, was an unfair and deceptive act that caused harm to Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Mellen prays for judgment against Defendants Michael G. Muessel and Oldport Marine Services, Inc. as follows:

A. Compensatory damages in the amount of $21,250.00 for the purchase of the dinghy; B. Punitive damages of $9,999,999.00 against Defendants for their willful, malicious, and outrageous conduct; C. Damages for the intentional infliction of emotional distress; D. A permanent injunction prohibiting Defendants from discriminating against or banning Plaintiff and his associates from the water taxi services; E. Treble damages, attorneys' fees, and costs of this action as provided by M.G.L. c. 93A; and F. Any other and further relief as the Court deems just and proper.

Respectfully submitted,

Paul Mellen Plaintiff, pro se 1165 Franklin Street Duxbury, MA 02332 (781) 361-1038

paulmellen@comcast.net